UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY D. GASKINS,

Petitioner,

v.

BARRY D. DAVIS,

Respondent.[1]
_______________________/

CASE NO. 1:09-CV-14253
JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PAUL J. KOMIVES

# REPORT AND RECOMMENDATION

*Table of Contents*


I. RECOMMENDATION . . . . . 1
II. REPORT . . . . . 1
  A. *Procedural History* . . . . . 2
  B. *Factual Background Underlying Petitioner's Conviction* . . . . . 3
  C. *Standard of Review* . . . . . 7
  D. *Plea Claims (Claims I & III)* . . . . . 9
    1. *Clearly Established Law* . . . . . 9
    2. *Analysis* . . . . . 11
  E. *Sentencing Error (Claim II)* . . . . . 15
  F. *Recommendation Regarding Certificate of Appealability* . . . . . 15
    1. *Legal Standard* . . . . . 15
    2. *Analysis* . . . . . 17
  G. *Conclusion* . . . . . 17
III. NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . 18


* * * * *

I. RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus. This Court should also deny petitioner a certificate of appealability.

## II. REPORT:

### A. *Procedural History*

[1]By Order entered this date, Barry D. Davis has been substituted in place of Carmen D. Palmer as the proper respondent in this action.

1. Petitioner Jeffrey Gaskins is a state prisoner, currently confined at the Newberry Correctional Facility in Newberry, Michigan.

2. On May 4, 2007, petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317, in Wayne County Circuit Court. In exchange for petitioner's plea, the prosecution agreed to drop two pending charges of first-degree murder. At a subsequent hearing, he was sentenced to a term of 20 to 40 years' imprisonment.

3. Petitioner filed a motion to withdraw his plea with the Wayne County Circuit Court, which was denied on March 14, 2008.

4. Petitioner filed an application for leave to appeal to the Michigan Court of Appeals raising the following claims:

I. PETITIONER WAS DEPRIVED OF DUE PROCESS BECAUSE THE TRIAL COURT ACCEPTED PETITIONER'S GUILTY PLEA DESPITE INSUFFICIENT FACTUAL BASIS TO SUPPORT HIS GUILT.

II. THE TRIAL COURT ERRED IN SCORING THE SENTENCING GUIDELINES.

III. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE DEFENSE COUNSEL FAILED TO OBJECT TO PETITIONER'S GUILTY PLEA DESPITE INSUFFICIENT FACTUAL BASIS TO SUPPORT HIS GUILT.

The court of appeals denied petitioner's application for leave to appeal. *See People v. Gaskins*, No. 284588, (Mich. Ct. App. May 8, 2008) (per curiam).

5. Petitioner, proceeding *pro se*, sought leave to appeal these three issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Gaskins*, No. 136765, 482 Mich. 1064, 757 N.W.2d 467 (2008).

6. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus

on October 29, 2009. As grounds for the writ of habeas corpus, he raises the following claims:

I. PETITIONER WAS DEPRIVED OF DUE PROCESS BECAUSE THE TRIAL COURT ACCEPTED PETITIONER'S GUILTY PLEA DESPITE INSUFFICIENT FACTUAL BASIS TO SUPPORT HIS GUILT.

II. THE TRIAL COURT ERRED IN SCORING THE SENTENCING GUIDELINES.

III. PETITIONER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE DEFENSE COUNSEL FAILED TO OBJECT TO PETITIONER'S GUILTY PLEA DESPITE INSUFFICIENT FACTUAL BASIS TO SUPPORT HIS GUILT.

7. Respondent filed her answer on May 12, 2010. She contends that petitioner's claims either are without merit or are state law claims, which are not cognizable on habeas review.

B. *Factual Background Underlying Petitioner's Conviction*

The transcription of petitioner's plea hearing establishes the factual background underlying petitioner's conviction:

THE COURT: Mr. Gaskins, would you raise your right hand for me if you would please, sir.

JEFFREY GASKINS, called as a witness by the Court, being duly sworn by the Court Clerk, was examined and testified upon his oath, as follows:

EXAMINATION BY THE COURT:

THE COURT: Mr. Gaskins, would you tell me your full name and your age for the record please?

DEFENDANT GASKINS: Jeffrey Gaskins.

THE COURT: Am I correct, Ms. Siringas [prosecutor] and Mr. O'Meara [defense counsel], that Mr. Gaskins is charged with two Counts of first degree murder, one being felony murder, one being premeditated murder; is that correct?

MS. SIRINGAS: Yes, your Honor. That's correct.

MR. O'MEARA: Yes.

THE COURT: Both of those charges carry a mandatory life in prison without parole. Do you understand that, Mr. Gaskins?

DEFENDANT GASKINS: Yes.

THE COURT: It is my understanding that the prosecutor's office is willing to offer you a plea to murder in the second degree, and they would dismiss both Counts of murder in the first degree with the understanding that you'll be required to testify truthfully against Deante Hawkins as to regarding Mr. Hawkins' and your involvement in the homicide of Milton Goodson and that the maximum penalty you would get would be 40 years?

DEFENDANT GASKINS: Yes.

THE COURT: And that the minimum penalty would be up to me. I would decide what the minimum sentence would be, but it would be no more than 20 years. It may be less. I don't know.

But you need to know the prosecutor's office is going to come in here and say that they think you should get 20, but I'm going to listen to the prosecutor. I'm going to listen to Mr. O'Meara and then I will make a decision. But in any event it's not going to be more than 20.

Is that your understanding of the complete agreement, sir?

DEFENDANT GASKINS: Yes.

THE COURT: Has anybody promised you any other plea or any other deal or any other sentence other than what I just stated here?

DEFENDANT GASKINS: No, sir.

THE COURT: Both sides agree that I have stated the complete agreement?

MS. SIRINGAS: Yes, sir.

MR. O'MEARA: Yes, sir.

THE COURT: Mr. Gaskins, are you currently on probation or parole?

DEFENDANT GASKINS: No.

THE COURT: By pleading here today you are giving up the right to have a trial by jury or a trial by the Court without a jury.

You're giving up the right to be presumed innocent unless and until the prosecutor proves you guilty beyond a reasonable doubt.

You're giving up the right to have the prosecutor present any witnesses against you here in open court, and you through your attorney, Mr. O'Meara, would have the right to question and cross-examine any of those witnesses against you.

You are also giving up the right to have the Court order any witnesses that you may want to have come in and testify on your behalf.

You're also giving up the right to testify at your trial or to remain silent and not have your silence used against you.

You give up the right to appeal as a matter of right regarding your conviction and sentence. You can still ask the Court of Appeals to review your case, but it will be up to them to decide whether they want to hear it.

Do you understand these are all the rights that you're giving up by pleading today?

DEFENDANT GASKINS: Yes.

THE COURT: Do you have any question about any of these rights, Mr. Gaskins?

DEFENDANT GASKINS: No.

THE COURT: Has anybody forced you, threatened you or pressured you in order to get you to plead?

DEFENDANT GASKINS: No, sir.

THE COURT: Back on August 25th of last year, 2006, at 19143 Kelly Road in the City of Detroit, and that's a building known as Milt's Barbecue; is that right?

MR. O'MEARA: It is.

Your Honor, could I and Ms. Siringas maybe have questions as we do for the factual basis by way of voir dire?

THE COURT: Yes.

MR. O'MEARA: On that date did you have contact with an individual named Deante Hawkins, your co-defendant in this case?

DEFENDANT GASKINS: Yes.

MR. O'MEARA: Were you aware that Mr. Hawkins had the intent to commit an armed robbery on a business establishment in Wayne County known as Milt's Barbecue?

DEFENDANT GASKINS: Yes.

MR. O'MEARA: Did you know that he was intending to do that with a firearm?

DEFENDANT GASKINS: Yes.

MR. O'MEARA: Knowing that, did you provide him information which he could use to plan or carry out his robbery?

DEFENDANT GASKINS: Yes.

MR. O'MEARA: As a result of that did the proprietor of Milt's Barbecue in fact get killed?

DEFENDANT GASKINS: Yes.

MR. O'MEARA: Were you present at the time that the proprietor was killed?

DEFENDANT GASKINS: No.

MR. O'MEARA: So I would – I think that makes out second degree murder.

THE COURT: Both sides satisfied there is a factual basis, and I have complied with the court rule?

MR. O'MEARA: I am, your Honor.

MS. SIRINGAS: Yes.

THE COURT: All right. I'll accept the plea at this time.

Plea Tr., 4:16-9:15, May 4, 2007.

C. *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694.

However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp.2d 354, 359 (E.D.

Mich. 2002) (Tarnow, J.).

D. *Plea Claims (Claims I & III)*

Petitioner contends that his guilty plea was accepted by the court without the requisite factual basis to support his guilt and that defense counsel was ineffective for not objecting to the plea. The Court should conclude that petitioner is not entitled to relief on these claims.

1. *Clearly Established Law*

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances. *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The Constitution requires, for a plea to be valid, that the defendant be informed of all direct consequences of his plea. *See Brady*, 397 U.S. at 755; *King*, 17 F.3d at 153. A solemn declaration of guilt by the defendant carries a presumption of truthfulness. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74. Where the defendant "was fully aware of the likely consequences when he plead guilty[,] it is not unfair to expect him to live with those consequences[.]" *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). Thus,

> [i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea arguments are consistent with the requirements of voluntariness and intelligence–because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for-exchange.

*Id.* at 508 (footnotes omitted).

Regarding ineffective assistance of counsel, the Sixth Amendment right to counsel and the

right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687. These two components are mixed questions of law and fact. *See id.* at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *see also*, *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Where, as here, a petitioner challenges counsel's effectiveness with respect to a guilty plea, "in order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

*Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also, O'Hara*, 24 F.3d at 828. However, with respect to the prejudice prong it is not enough for petitioner to merely allege that he would have insisted on going to trial had counsel properly advised him. As other judges of this Court have explained:

> In the guilty plea context the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would have not pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Furthermore, this determination depends in large part on prediction of what the outcome of a trial might have been. *Id.* at 58-60, 106 S.Ct. 366; *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). In other words, the petitioner must show that, but for the counsel's errors, he would not have plead guilty, because there would have been at least a reasonable chance he would have been acquitted. If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him. A petitioner's conclusory allegation that, but for an alleged attorney act or omission, he would not have pleaded guilty is not enough to prove such a claim. Petitioner must show that there is a reasonable probability that the result of the proceeding would have been different. It is not sufficient to show that, but for counsel's alleged errors he would have been convicted after a trial instead of after entering a guilty plea.

*Garrison v. Elo*, 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001) (O'Meara, J.); *see also, Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 655 (E.D. Mich. 2002) (Friedman, J.); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 587 (E.D. Mich. 2001) (Hood, J.) ("If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same , or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him.").

2. *Analysis*

Petitioner is not entitled to habeas relief on his invalid plea claim on two grounds. First, petitioner raises a claim that is not cognizable on habeas review. Second, even if petitioner's claim were cognizable, the claim is without merit because the state court established a clear factual basis for his guilt.

Petitioner's plea claim is simply not open to habeas review. "The requirement that a sentencing court must satisfy itself that a sufficient factual basis supports the guilty plea is not a requirement of the Constitution[.]" *United States v. Tunning*, 69 F.3d 107, 111 (6th Cir. 1995). Because the writ of habeas corpus exists only to correct errors of federal law, a state court's failure to elicit a factual basis for a guilty plea does not state a claim cognizable on habeas review. *See United States v. McGlocklin*, 8 F.3d 1037, 1047 (6th Cir. 1993) (en banc); *Willbright v. Smith*, 745 F.2d 779, 780 (2d Cir. 1984); *Roddy v. Black*, 516 F.2d 1380, 1385 (6th Cir. 1975); *Coddington v. Langley*, 202 F. Supp. 2d 687, 702 (E.D. Mich. 2002) (Tarnow, J.).

Further, even if this Court could grant habeas relief on this claim, a factual basis established petitioner's guilt. MICH. COMP. LAWS § 767.39 abolished the common law distinction between aiders and abettors and principals, and provides that aiders and abettors may be prosecuted and convicted as though they had directly participated in the crime. *See People v. Palmer*, 392 Mich. 370, 378, 220 N.W.2d 393, 396 (1974). Aiding and abetting under Michigan law requires proof of three elements: (1) commission of the underlying crime either by the defendant or some other person; (2) acts or encouragement by the defendant which aided or assisted the commission of the crime; and (3) intent on the part of the defendant to commit the crime or knowledge by the defendant that the principal intended to commit the crime at the time aid or encouragement was given. *See People v. Acosta*, 153 Mich. App. 504, 511-12, 396 N.W.2d 463, 467 (1986) (per curiam). Here, petitioner testified that: (1) his co-defendant committed an armed robbery; (2) petitioner assisted in the commission of the robbery by providing information, which his co-defendant used in perpetrating the offense; and (3) petitioner was aware of his co-defendant's intent to commit armed robbery when he gave the information. Thus, petitioner's testimony provided the factual basis to

establish that petitioner was guilty of aiding and abetting the intended offense of armed robbery. *See People v. Cook*, No. 287411, 2009 WL 4724300, at *2 (Mich. Ct. App. Dec. 10, 2007); *People v. McDaniel*, No. 208012, 1999 WL 334444320, at *1 (Mich. Ct. App. May 21, 1999).

Petitioner also testified at his plea hearing that, during the commission of the robbery, his co-defendant killed a man. Under Michigan law, accomplice liability is not limited solely to the intended offense. "A defendant is liable for the crime the defendant intends to aid or abet *as well as* the natural and probable consequences of that crime." *People v. Robinson*, 475 Mich. 1, 14-15, 715 N.W.2d 44 (2006) (footnote omitted) (emphasis added); *see also, Stewart v. Wolfenburger*, 595 F.3d 647, 658 (6th Cir. 2010). Thus, petitioner was also liable for the death which resulted from the intended offense, because he "aided and abetted the commission of armed robbery, and one of the natural and probable consequences of such a crime is death." *People v. Lindsey*, No. 268494, 2007 WL 3085455, at *4 (Mich. Ct. App. Oct. 23, 2007); *see also, Robinson*, 475 Mich. 1 at 3.

Under Michigan law, the common law crime of murder is defined as second-degree murder. *See* MICH. COMP. LAWS § 750.317. Second-degree murder is to kill another human being with malice aforethought. One of three mental states on the part of the defendant at the time of the killing establishes malice aforethought: (1) intent to kill; (2) intent to commit great bodily harm; or (3) "the willful and wanton disregard for whether death will result." *People v. Langworthy*, 416 Mich. 630, 650-51, 331 N.W.2d 171 (1982); *see also*, *People v. Dykhouse*, 418 Mich. 488, 495, 345 N.W.2d 150, 151 (1984); *People v. Aaron*, 409 Mich. 672, 713-14, 299 N.W.2d 304, 319-20 (1980). Here, petitioner's assistance in the commission of an armed robbery showed a "willful and wanton disregard" for the natural and probable consequence of the intended crime, namely death of a human being. Thus, when the state court established, through petitioner's testimony, that petitioner was

guilty of aiding and abetting an armed robbery, it also established a factual basis for determining that petitioner was guilty of second-degree murder.

Petitioner also puts forward an ineffective assistance of counsel claim to support his claim of an invalid plea. Petitioner contends that counsel was deficient for failing to object to the court's acceptance of petitioner's plea because of an insufficient factual basis to support the plea. As discussed above, however, the court established a sufficient factual basis to sustain the plea. Consequently, if counsel had objected on the grounds of insufficient factual basis to sustain the plea, the court would have denied counsel's objection; counsel cannot be deficient for failing to make an objection that would not have been sustained. Further, even assuming counsel erred, petitioner fails to show he was prejudiced. As noted above, the standard set forth in *Hill* requires petitioner to demonstrate that he would have insisted on going to trial, but for counsel's error. Here, petitioner does not state that he would have insisted on going to trial. Moreover, counsel's failure to object could not have been the "but-for" cause of petitioner's guilty plea because petitioner made the decision to plead guilty before counsel could have had occasion to object to the factual basis of the plea. In the context of a guilty plea, prejudice does not exist without a causal relationship between counsel's alleged act or omission and petitioner's decision to plead guilty. Thus, counsel was not ineffective because his objection on the grounds of an insufficient factual basis would have been denied and, in addition, petitioner was not prejudiced by counsel's failure, even assuming this was error.

In sum, the state court established a clear factual basis to sustain petitioner's guilty plea for second-degree murder, and counsel was not deficient for failing to object that the factual basis was insufficient. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief

on these claims.

E. *Sentencing Error (Claim II)*

Petitioner contends that he is entitled to habeas relief because the trial court erred in scoring his sentence in violation of Michigan law. The trial court scored fifteen points because of psychological injury to the victim's family. Evidence of psychological injury to the victim's family is not reflected in the record. Thus, petitioner argues, the court's scoring was improper because the record fails to establish the family's psychological injury. The Court should conclude that petitioner is not entitled to relief on this claim.

A habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *See Branan. v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Hayes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987). Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the court improperly scored or departed from the guidelines range raises issues of state law that are not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (claim that sentencing court departed from Michigan sentencing guidelines presents an issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 851 F.2d at 1508 (claim that court misapplied state sentencing guidelines not cognizable on habeas review.) Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F. *Recommendation Regarding Certificate of Appealability*

1. *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement to proceed further."'" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84. Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable." *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254

Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254. The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments. In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2. *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability. It is not reasonably debatable that defense counsel's alleged failure to object was not a denial of reasonable professional assistance because any objection would have been rejected. Nor does petitioner contend he was prejudiced by counsel's alleged omission because he fails to assert that he would have insisted on going to trial on the charge of first-degree murder. Thus, the conclusion that counsel was effective is not reasonably debatable. Finally, under clearly established law, claims of an insufficient factual basis to sustain a plea and of a sentencing error based on state law are not cognizable on habeas review, and thus the resolution of these claims is not reasonably debatable. Accordingly, the Court should conclude that petitioner is not entitled to a certificate of appealability.

G. *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Paul J. Komives
PAUL J. KOMIVES

UNITED STATES MAGISTRATE JUDGE

Dated: 7/26/10

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on July 26, 2010.

s/Eddrey Butts
Case Manager